IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. FAUZIA KHAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22 C 4406 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| COUNTY OF COOK, d/b/a JOHN H. STROGER, JR., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The plaintiff has filed a motion to extend the fact discovery deadline by nearly three months, to June 1, 2024. [Dkt. #69]. As discovery began back at the end of 2022 [Dkt. #15], that will be about a year and a half of fact discovery. Along the way, the parties have missed three deadlines [Dkt. ##27, 28, 58, 59, 62, 63] and have gone so far as to allow discovery to close because all six attorneys in this case "forgot to submit a motion for extension" [Dkt. #58, Par. 2]. As is the case with nearly every motion for an extension, the plaintiff claims "no prejudice will inure to either party through the granting of this motion." [Dkt. #69, Par. 11]. But, that oft-repeated formulaic insistence ignores the fact that not only do such motions lead to the "inefficient use of judicial resources," but equally, if not more important, they "divert time from other litigants in other cases patiently waiting in the queue for the limited time of federal judges." *Otto v. Variable Annuity Life Insurance Co.*, 134 F.3d 841, 854 (7th Cir. 1998). The plaintiff suggests that one reason for another extension is to allow motions to compel to be filed, should counsel decide to file such a motion. Fact discovery in this case should be over; so those motions will unnecessarily take time away from other litigants who are complying with deadlines in their cases. An extension may not prejudice the parties in this particular

case, but it will prejudice parties in other cases. *See, e.g., Otto, supra*; *Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991); *United States ex rel. Gill v. CVS Health Corp.*, No. 18 C 6494, 2024 WL 406510, at *1 (N.D. Ill. Feb. 2, 2024); *Summerfield v. City of Chicago*, 2012 WL 3779104 *1 (N.D.Ill. 2012). Thus far, discovery deadlines have been leniently dealt with, and the parties have basically enjoyed free reign over the discovery schedule. That part of this case is over. "All good things, including discovery, must come to an end." *U.S. ex rel Taylor v. Hicks*, 513 F.3d 228, 238 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 878 (7th Cir. 2021). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005); *see also Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). The burden of demonstrating "good cause" and "diligence" under Rule 16(b)(4) is a more onerous burden than demonstrating "excusable neglect" under Rule 6(b)(1)(B). *Schloss V. City of Chicago*, 2021 WL 4962663, at *3 (N.D. Ill. 2021); *McCann v. Cullinan*, 2015 WL 4254226, at *10 (N.D. Ill. 2015). A track record of missing deadlines is not diligence. *See, e.g., POM of Pennsylvania, LLC v. Pennsylvania Skill Games, LLC*, 2020 WL 6047863, at *3 (W.D. Pa. 2020)(after multiple extensions, another is not warranted); *Ochoa v. City of Oceanside*, 2016 WL 6124463, at *3 (S.D. Cal. 2016)(considering history of extensions in diligence analysis); *Santiago v. New York & New Jersey Port Authority*, 2015 WL 1107344, at *2 (D.N.J. 2015)(multiple extensions). And certainly, six attorneys ignoring – or at best forgetting – that there is even a deadline and not even filing a

2

timely motion for an extension – surely, the most commonly filed motion in this courthouse – is not diligence by any definition.

I understand that the attorneys asked for a couple of these extensions due to unforeseen circumstances – life events like illnesses and deaths in the family – that arose unexpectedly. But, as most litigation does tend to drag on for more than a year or two – at least – unforeseen circumstances become, essentially, foreseen. Unfortunately, they all too often occur. Few people go through one or two years of life without them. Thus, it's best to plan ahead and not leave things for those last couple of weeks before a discovery deadline when all you have time left to do is file another motion for an extension.

The present motion seems a good example. It is couched in part on the claimed busy schedule of plaintiff's counsel [Dkt. #69, Pars. 5, 6] and two of those life events upon which the plaintiff's previous motion for an extension of the discovery deadline was premised. [Dkt. #62, Par. 3;#69, par. 7]. Plaintiff's counsel – the court assumes that means all three of plaintiff's counsel – say they have been preparing for a trial that had been set for March 11, 2024 (since postponed) and have had depositions nearly every day of February [in two other cases] . . . continu[ing] into March." [Dkt. #69, Pars. 5, 6]. But, a busy schedule is not a "good excuse." But, as the Seventh Circuit said in *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006): "[N]eglect due to a busy schedule is not excusable," and there is a "limit to the quantity of cases a sole practitioner can professionally handle by himself at any one point in time." *See also Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*, 543 F. App'x 591, 594 (7th Cir. 2013)("But the district court properly noted that a lawyer's busy caseload does not excuse late submissions."); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012)("Moreover, counsel does not explain why he was unable to work

3

on the response [before he] apparently became very busy with other cases."); *Dean v. Chicago Transit Authority*, 118 F. App'x 993, 996 (7th Cir. 2005)("[S]olo practitioner ... [with a] busy schedule, however, does not rise to the level of excusable neglect.").

Accordingly, the plaintiff's motion for another extension of the discovery schedule [Dkt. #69] is denied, but without prejudice to the plaintiff filing a motion demonstrating "diligence" as that term is used in the Federal Rules of Civil Procedure and as the courts have construed it. The plaintiff must explain in sufficient detail what has been done in discovery during the previous 45-day extension. And, counsel must explain specifically when all these depositions in other cases that are filling the final days of discovery in this case were scheduled. Significantly and oddly, they were not mentioned in the plaintiff's January 15, 2024 motion for an extension.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 2/23/24

4